IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| Benchmark Homes, Inc., a Nebraska Corporation, | ) | BK06-80243 |
| Ashford Hollow, LLC, | ) | BK06-80248 |
| Saddlebrook Properties, LLC, | ) | BK06-80249 |
| One Ninety-Two, LLC, | ) | BK06-80250 |
| Canterberry Crossing, LLC, | ) | BK06-80251 |
| | ) | |
|           Debtors, | ) | CH. 11 |
| GREAT WESTERN BANK, | ) | |
| | ) | A06-8074 |
|           Plaintiff, | ) | |
| | ) | |
|       vs. | ) | |
| | ) | |
| THOMAS D. STALNAKER, Trustee, et al., | ) | |
| | ) | |
|           Defendants. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on December 21, 2006, regarding Filing No. 215, Motion to Intervene, filed by the Official Committee of Construction Lien Claimants, and Filing No. 226, Resistance, filed by Great Western Bank. T. Randall Wright appeared for Great Western Bank and Donald Swanson appeared for the Official Committee of Construction Lien Claimants.

The Official Committee of Construction Lien Claimants ("Committee") has filed a motion requesting an order permitting its intervention in the adversary proceeding. The Committee seeks to intervene for the following limited purposes: to monitor the case in all respects; to raise issues, file briefs, and appear and be heard on issues in the case; to file papers; to argue and respond to arguments in court; and to raise matters of concern to the Committee at status conferences and by filing motions.

The plaintiff, Great Western Bank ("Bank"), resists. It is the position of the Bank that the real defendants in the case — the Trustee and the individual construction lien claimants — are all represented by counsel and their individual positions are, for the most part, the same as the positions that the Committee seeks to take on the issues raised in the complaint. Therefore, according to the Bank, intervention will simply add a party and unduly delay the proceedings.

There is currently on file a motion for partial summary judgment filed by the Trustee which has been resisted and which is now under advisement. The Committee desires to file a brief with regard to the motion for summary judgment.

The Bankruptcy Code at 11 U.S.C. § 1109(b) provides that a creditors' committee may raise and may appear and be heard on any issue in a case under Chapter 11. That general authority granted to the Committee does not necessarily extend to adversary proceedings brought within the underlying bankruptcy case. However, the intervention process contained in Rule 24 of the Federal Rules of Civil Procedure is made applicable in adversary proceedings by virtue of Federal Rule of Bankruptcy Procedure 7024. Applicants for intervention under Rule 24 must meet the standards

for intervention of right under Rule 24(a) or permissive intervention under Rule 24(b). If the request is timely, an applicant shall be permitted to intervene under subsection (a)(2) "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Under Rule 24(b)(2), an applicant may be permitted to intervene "when the applicant's claim or defense and the main action have a question of law or fact in common."

In this adversary proceeding there are disputes between the plaintiff on the one hand and all defendants on the other hand relating to the validity and priority of the Bank's deed of trust lien claims; disputes regarding priority of claims and interests among the Bank, the Trustee, and the construction lien claimants collectively; and disputes among all or most of the parties as to the validity, amount, and priority of each individual construction lien claim as against the claims and interests of all the other parties.

The Committee asserts, and I agree, that the Committee and the construction lien defendants all have a common interest and common arguments with regard to the first two categories identified above, but there is no commonality regarding the third category of issues. No evidence was presented at the hearing that the individual construction lien claimants and the Trustee are failing to adequately represent the common interests of all of the construction lien claimants. On the other hand, none of the individual construction lien claimants, nor the Trustee, has objected to the intervention by the Committee. The Committee points out that, with regard to the motion for summary judgment now pending, the requested intervention will create economies and avoid delay. The Committee has prepared a brief on the common issues which, if allowed to be filed, will enable the individual lien claimants to avoid preparation and service of their own individual briefs.

I find that intervention by the Committee will not delay the proceeding. The Committee's position or "claim" and the assertions in the complaint and answers have questions of law or fact in common.

IT IS ORDERED that the motion to intervene, Filing No. 215, is granted for intervention for the limited purposes identified in the motion itself. If, at any point in the litigation, the plaintiff or any of the defendants believe the Committee is taking action which has not been authorized by this order, a motion may be filed to bring the matter before the court for clarification.

DATED this 4th day of January ,2007.

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
    T. Randall Wright          U.S. Trustee
    *Donald Swanson
        Movant (*) is responsible for giving notice of this order to other parties if required by rule or statute.